JOHN W. HUBER, United States Attorney (#7226)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: carl.lesueur@usdoj.gov

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
AUG 2 6 2020
D. MARK JONES, CLERK
BY_____ DEPUTY CLERK

**SEALED**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID OGUGUO OKEKE, <br> ABIEMSWENSE VALENTINE OBANOR <br>     aka NAPOLEON WILSON <br>     aka MICHAEL SERGE, <br> HAMILTON IDEMUDIA <br>     aka RANDY MENSAH <br>     aka MICHAEL SANKAH, and <br> JUSTIN AKUBUEZE <br>     aka ALAN TONY CELU, <br><br> Defendants. | **INDICTMENT** <br><br> VIOLATIONS: <br> 18 U.S.C. § 1956(h) (Count One: Money Laundering Conspiracy); <br> 18 U.S.C. § 1956(a)(2)(B)(i) (Counts Two through Four: Int'l Money Laundering Transaction); <br> 18 U.S.C. § 1957 (Counts Five Through Eight: Money Laundering Transaction Exceeding $10,000); <br> 18 U.S.C § 1349 (Count Nine: Bank Fraud Conspiracy) <br> 18 U.S.C § 1344 (Counts Ten to Twelve: Bank Fraud) <br><br> Case: 2:20-cr-00285 <br> Assigned To : Shelby, Robert J. <br> Assign. Date : 8/26/2020 <br> Description: |

The Grand Jury Charges:

At all times relevant to this indictment:

1.     DAVID OGUGUO OKEKE, ABIEMWENSE VALENTINE OBANOR,

HAMILTON IDEMUDIA, JUSTIN AKUBUEZE, Defendants herein (respectively,

"OKEKE," "OBANOR," "IDEMUDIA," and "AKUBUEZE"), participated in a scheme

to obtain money from others under false pretenses and to launder that money in order to disguise the origin and destination of those funds and the nature of the transactions. More specifically, OKEKE's unnamed coconspirators, with identities known and unknown to the Grand Jury would create false online personas. They would use these personas to approach their victims online and develop online relationships with them. After a time, they would use false pretenses to request that the victims send money, such as claiming a son or daughter in school needing financial assistance, a military veteran stranded overseas in need of financial assistance to leave a combat zone, a need for a loan to purchase equipment to complete a remunerative contract, an opportunity to participate in a high yield investment opportunity, or some other pretense. In fact, the money was simply to be sent to OKEKE and his coconspirators for their personal use. The unnamed coconspirators relied upon OKEKE and others they recruited to provide accounts at United States financial institutions that the unnamed coconspirators could give to victims. This was to facilitate the ability to thereafter move money overseas from those accounts without alerting the victims as to the ultimate destination of the funds. OKEKE would then attempt to move the funds to new accounts before the victims or the financial institutions detected the fraud and attempted to reverse the transactions.

2. OKEKE is a Nigerian national who resides in the District of Utah and resided in the District of Utah at all times pertinent to this indictment.

3. OBANOR is a Nigerian national who resided in the District of Utah at all times relevant to this indictment and was closely associated with OKEKE and Coconspirator 1.

4. IDEMUDIA is a Nigerian national who resided in the District of Utah at all times relevant to this indictment and was closely associated with OKEKE and Coconspirator 1.

5. AKUBUEZE is a Nigerian national who resides in the District of Utah and resided in the District of Utah at all times pertinent to this indictment.

6. Coconspirator 1 is a Nigerian national who resides in the District of Utah and resided in the District of Utah at all times pertinent to this indictment.

## COUNT ONE
18 U.S.C. § 1956(h)
(Money Laundering Conspiracy)

7. Paragraphs 1 through 6 are repeated and realleged as though fully set forth herein.

Objects of the Conspiracy

8. Beginning on a date unknown to the Grand Jury, but no later than February 2018, and continuing through an unknown date but no earlier than October 10, 2018, in the District of Utah and elsewhere,

DAVID OGUGUO OKEKE,
ABIEMWENSE VALENTINE OBANOR aka MICHAEL SERGE aka NAPOLEON WILSON, HAMILTON IDEMUDIA aka RANDY MENSAH aka MICHAEL SANKAH, and JUSTIN AKUBUEZE aka ALAN TONY CELU,

Defendants herein, Coconspirator 1, and other coconspirators with identities unknown to the Grand Jury, knowingly conspired to:

3

a. conduct and attempt to conduct, financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, which in fact involved the proceeds of specified unlawful activity – namely, mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and bank fraud, in violation of 18 U.S.C. § 1344 – and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

b. transport, transmit, and transfer, and attempt to transport, transmit, and transfer, funds from a place in the United States to a place outside the United States, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity – namely, mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and bank fraud, in violation of 18 U.S.C. § 1344 – and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds, in violation of 18 U.S.C. § 1956(a)(2)(B)(i); and

  c. engage and attempt to engage in monetary transactions involving criminally derived property of a value greater than $10,000 affecting interstate and foreign commerce, which was derived from specified unlawful activity – namely, mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and bank fraud, in violation of 18 U.S.C. § 1344 – and knowing that the funds represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1957.

Manner and Means of the Conspiracy

  9. The objects of the conspiracy were to be accomplished as follows:

    a. While in the District of Utah, OBANOR, IDEMUDIA, and AKUBUEZE would request false passports from Coconspirator 1.

    b. OBANOR, IDEMUDIA, and AKUBUEZE would use those false passports to open accounts at financial institutions in the District of Utah.

    c. OKEKE would also open accounts at financial institutions in the District of Utah in his own name.

    d. OKEKE, OBANOR, IDEMUDIA, and AKUBUEZE would provide the account information for accounts in their own names and in the names on their false passports to unnamed coconspirators to provide to victims.

e. The unnamed coconspirators would create false online personas on social media and dating sites.

f. The unnamed coconspirators would approach victims online and develop online relationships with those victims.

g. The unnamed coconspirators would eventually request that the victims send money and provide the victims with false pretenses concerning the purpose and destination of those funds.

h. After the victims sent their funds to OBANOR and IDEMUDIA or by wire to their accounts opened using false identities, HAMILTON and IDEMUDIA would provide those funds to OKEKE by personal check or cashier's check drawn on those accounts.

i. IDEMUDIA, AKUBUEZE, and OKEKE also provided their bank account information to the unnamed coconspirators to facilitate the transfer of funds from victim B.F. From November 2017 through December 2018, IDEMUDIA, AKUBUEZE, and OKEKE received $19,500 in six separate transactions into OKEKE's Wells Fargo account, IDEMUDIA's Wells Fargo account, and AKUBUEZE's JP Morgan Chase account.

j. After the victims sent their funds to OKEKE by mail or by wire to his accounts, and after the coconspirators provided to OKEKE by check the victims' funds deposited in the accounts associated with the coconspirators' false identities, OKEKE would engage in subsequent

transactions with those funds to move them to other accounts at United States financial institutions and to accounts outside the United States.

10. In furtherance of the conspiracy and to accomplish its objects, defendant OKEKE and his coconspirators took steps in the District of Utah and elsewhere that include, among others, the following:

    a. <u>Defrauding Victim B.F.</u>

        i. On or about a date no later than November 1, 2017, victim with initials B.F. was contacted on Facebook by an individual posing to be celebrity Donnie Wahlberg. Wahlberg informed B.F. that his wife's attorney had frozen their bank joint account and asked B.F. to help him financially while he was going through a divorce. B.F. was instructed to send money to various locations, including to Utah-based accounts in the names of OKEKE, IDEMUDIA, and AKUBUEZE.

    b. <u>Defrauding Victim J.H.</u>

        i. In February 2018, a victim with initials J.H. was contacted on Facebook by an individual using the name "Albert Alexandru." They communicated over Facebook Messenger and Google Hangouts.

        ii. In August 2018, "Alexandru" told J.H. that "Alexandru" needed to put down a $25,000 deposit as a guarantee of his intent to complete contract work, in order to allow him to take a vacation. After the

|      | vacation, he would complete the contract, get the $25,000 back, and repay J.H. He asked her to send the money to "David Oke." |
|------|---|
| iii. | Based upon these promises and representations, on or about August 30, 2018, J.H. sent $25,000 by check in the mail to OKEKE. OKEKE deposited the check to his account at Wells Fargo Bank, a financial institution insured by the Federal Deposit Insurance Corporation. |
| iv.  | On or about August 30, 2018, OKEKE withdrew $6,500 in cash from that same Wells Fargo account, which consisted of proceeds of the fraud against J.H. |
| v.   | On or about September 14, 2018, OKEKE withdrew $20,707.68 from that account, using the proceeds of the fraud against J.H., through a cashier's check made out to his name. |
| vi.  | On or about September 18, 2018, OKEKE deposited the $20,707.68 cashier's check to an account in his name at another financial institution, Alpine Credit Union, which is insured by the National Credit Union Share Insurance Fund. |
| vii. | On or about October 10, 2018, OKEKE conducted an international wire transfer out of the Alpine Credit Union account, sending $15,000 to an account in Nigeria, all using proceeds of the fraud against J.H. |

c. <u>Using False Identities to Open Accounts and Move Money</u>

   i. On or before a date unknown to the Grand Jury, but no later than April 11, 2019, Coconspirator 1 obtained false passports in the names of "Napoleon Wilson" and "Michael E. Serge" for OBANOR, "Randy Mensah" and "Michael Sankah" for IDEMUDIA, and "Alan Tony Celu" for AKUBUEZE.

   ii. On February 27, 2019, AKUBUEZE opened an account at U.S. Bank, a United States financial institution insured by the Federal Deposit Insurance Corporation, using the "Alan Tony Celu" false passport and name.

   iii. On or about February 22, 2019, OBANOR opened an account at U.S. Bank, a United States financial institution insured by the Federal Deposit Insurance Corporation, using the "Michael E. Serge" false passport and name. In the same month, he opened a Wells Fargo account in the name "Napoleon Wilson" using a false passport.

   iv. On or about April 11, 2019, OBANOR opened an account at Wells Fargo Bank, a United States financial institution insured by the Federal Deposit Insurance Corporation, using the "Michael E. Serge" false passport and name. In the same month, he also opened a U.S. Bank account in the name "Napoleon Wilson" using a false passport.

v. On or about May 8 or 11, 2019 and other dates, OKEKE deposited checks from the U.S. Bank account for "Michael Serge" to OKEKE's account at another financial institution.

vi. On or about August 16, 2019, IDEMUDIA opened an account at Wells Fargo Bank using a false passport with the name "Michael Sankah."

vii. On or about May 10, 2019, IDEMUDIA opened an account at U.S. Bank using a false passport with the name "Michael Sankah." He later opened an account at Wells Fargo using the same false passport.

viii. On or about May 28 and 29, 2019, IDEMUDIA wrote checks from the "Michael Sankah" U.S. Bank account to OKEKE in the amounts of $6,400 and $6,000, respectively.

ix. On or about May 29 and 30, 2019 and other dates, OKEKE deposited checks from a U.S. Bank account for "Michael Sankah" to OKEKE's account at another financial institution.

x. On or about June 10 and June 11, 2019, IDEMUDIA wrote checks from the "Michael Sankah" U.S. Bank account to Coconspirator 1 in the amounts of $12,000 and $9,500 respectively.

xi. On or about May 7, 2019, IDEMUDIA opened an account at U.S. Bank using the "Randy Mensah" false passport and name.

xii. On or about May 23 or 24, 2019, OKEKE deposited a check in the amount of $18,010 from the U.S. Bank account for "Randy Mensah" to OKEKE's account at another financial institution.

all in violation of 18 U.S.C. § 1956(h).

**COUNTS TWO THROUGH FOUR**
18 U.S.C. § 1956(a)(2)(B)(i)
(International Money Laundering Transaction)

11. Paragraphs 1 through 6 and 8 through 9 are repeated and realleged as though fully set forth herein.

12. On or about the dates set forth below, in the District of Utah, and elsewhere, the Defendant identified below, and his coconspirators, did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, funds from a place in the United States to a place outside of the United States knowing that the funds involved in the transaction represented the proceeds of some form of unlawful activity, and which property was in fact the proceeds of specified unlawful activity – namely, mail fraud, in violation of 18 U.S.C. § 1341, wire fraud, in violation of 18 U.S.C. § 1343, and bank fraud, in violation of 18 U.S.C. § 1344, -- and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds, and did aid, abet, counsel, command, induce and procure others to do so, all in violation of 18 U.S.C. §§ 1956(a)(2)(B)(i) and 2, each transaction constituting a separate count:

| COUNT | DEFENDANT | DATE | TRANSACTION |
|---|---|---|---|
| 2 | DAVID OGUGUO OKEKE | October 10, 2018 | $15,000 sent from OKEKE's bank account at Alpine Credit Union to a Sterling Bank account in Nigeria involving funds fraudulently obtained from J.H. |
| 3 | ABIEMWENSE VALENTINE OBANOR aka MICHAEL SERGE aka NAPOLEON WILSON | June 7, 2018 | $11,000 wired from OBANOR's account at JP Morgan Chase to an account in Nigeria involving funds fraudulently obtained from G.P. M.H and others |
| 4 | JUSTIN AKUBUEZE aka ALAN TONY CELU | November 14, 2018 | $9,000 sent from AKUBUEZE's Mountain America Credit Union account to an account in Nigeria involving funds fraudulently obtained from H.T. and others |

## **COUNT FIVE THROUGH EIGHT**
18 U.S.C. § 1957
(Money Laundering Transaction Exceeding $10,000)

13. Paragraphs 1 through 6 and 8 through 9 are repeated and realleged as though fully set forth herein.

14. On or about the dates set forth below, in the District of Utah, and elsewhere, the Defendant identified below, and his coconspirators, did knowingly engage and attempt to engage in the following monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is wire fraud and bank fraud in violation of Title 18, United States Code, Sections 1343 and 1344, and did aid, abet, counsel, command, induce and procure others

to do so, all in violation of 18 U.S.C. §§ 1957 and 2, each transaction constituting a separate count:

| COUNT | DEFENDANT | DATE | TRANSACTION |
|---|---|---|---|
| 5 | DAVID OGUGUO OKEKE | September 14, 2018 | Purchase of a $20,707.68 cashier's check from Wells Fargo bank involving funds fraudulently obtained from J.H. |
| 6 | ABIEMWENSE VALENTINE OBANOR aka MICHAEL SERGE aka NAPOLEON WILSON | February 19, 2019 | Wire of $25,000 from OBANOR's account involving funds fraudulently obtained from C.P. and others |
| 7 | JUSTIN AKUBUEZE aka ALAN TONY CELU | November 13, 2018 | $24,000 wire from AKUBUEZE's JP Morgan Chase account involving funds fraudulently obtained from H.T. and others |
| 8 | HAMILTON IDEMUDIA aka RANDY MENSAH aka MICHAEL SANKAH, | May 24, 2019 | $18,010 check from IDEMUDIA's U.S. Bank account in the name of "Randy Mensah" involving funds fraudulently obtained from C.M. |

## **COUNT NINE**
18 U.S.C § 1349
(Bank Fraud Conspiracy)

15. Paragraphs 1 through 6 are repeated and realleged as though fully set forth herein.

16. Beginning on a date that is unknown to the Grand Jury but believed to be no later than April 11, 2019, and continuing to a date that is unknown to the Grand Jury but believed to be no earlier than August 16, 2019,

DAVID OGUGUO OKEKE,
ABIEMWENSE VALENTINE OBANOR aka MICHAEL SERGE aka NAPOLEON WILSON,
HAMILTON IDEMUDIA aka RANDY MENSAH aka MICHAEL SANKAH, and
JUSTIN AKUBUEZE aka ALAN TONY CELU,

the Defendants herein, did conspire with each other and with Coconspirator-1 and others known and unknown to the Grand Jury to commit bank fraud in violation of 18 U.S.C. § 1344. It was the object of the conspiracy to employ a scheme and artifice to obtain funds under the custody of a financial institution by means of false and fraudulent pretenses, representations, and promises, to wit, using false identities to open accounts, receive funds, and remove those funds from accounts under the custody of financial institutions. The manner and means of executing this conspiracy included, but was not limited to, obtaining false passports for OBANOR, IDEMUDIA, and AKUBUEZE, using those false passports to open accounts at financial institutions insured by the Federal Deposit Insurance Corporation, providing those accounts to others to use in a conspiracy to commit wire fraud, mail fraud, and money laundering, to receive funds into those accounts as part of that conspiracy, and then to remove those funds from those accounts by depositing them into the accounts in the name of OKEKE, OBANOR, IDEMUDIA, AKUBUEZE and their coconspirators. OKEKE, OBANOR, IDEMUDIA, and AKUBUEZE and their coconspirators took acts in furtherance of this conspiracy, including but not limited to the acts set forth in Paragraphs 10 above, which are realleged

and restated as though fully set forth herein, and did aid, abet, counsel, command, induce and procure others to do so, all in violation of 18 U.S.C. § 1349.

**COUNTS TEN THROUGH TWELVE**
18 U.S.C. § 1344
(Bank Fraud)

17. Paragraphs 1 through 6 are repeated and realleged as though fully set forth herein.

18. On or about the dates set forth below, in the District of Utah and elsewhere,

DAVID OGUGUO OKEKE,
ABIEMWENSE VALENTINE OBANOR aka MICHAEL SERGE aka NAPOLEON WILSON,
HAMILTON IDEMUDIA aka RANDY MENSAH aka MICHAEL SANKAH, and
JUSTIN AKUBUEZE aka ALAN TONY CELU,

the Defendants herein, and their coconspirators, did knowingly execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property below under the custody and control of the financial institutions identified below, which are insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, all in violation of 18 U.S.C. § 1344:

| Count | Date | Money, Funds, Assets, and other Property | Custody of Following Financial Institution |
|---|---|---|---|
| 10 | May 21, 2019 | $12,500 | U.S. Bank |
| 11 | May 31, 2019 | $16,250 | Wells Fargo |
| 12 | June 4, 2019 | $14,000 | U.S. Bank |

**NOTICE OF INTENT TO SEEK FORFEITURE**

Pursuant to Title 18 U.S.C. 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. §§ 1956(h), 18 U.S.C. § 1956(a)(2)(B)(i), or 1957, the defendants shall

forfeit to the United States of America any property, real or personal, involved in the money laundering conspiracy, and any property traceable to such property. The property to be forfeited includes, but is not limited to:

The property to be forfeited includes, but is not limited to the following:

- A money judgment equal to the value of all property involved in the money laundering or bank fraud, and not available for forfeiture as a result of any act or omission of the defendants for one or more of the reasons listed in 21 U.S.C. § 853(p); and

- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

### NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense violating 18 U.S.C. § 1344 or 1349, the defendant(s) shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the scheme to defraud. The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p).

- Substitute property as allowed by 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

A TRUE BILL:

/s/

FOREPERSON OF GRAND JURY

JOHN W. HUBER
United States Attorney

CARL D. LESUEUR
Assistant United States Attorney